**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA LUCINETE FERREIRA
SOUSA; HELIO DE JESUS
ALVES; LUDSARA DA SILVA
SOUSA; ANA ELISA SOUSA DE JESUS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5733

Agency Nos.
A220-553-310
A220-553-309
A220-553-311
A220-553-312

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Lead petitioner Maria Lucinete Ferreira Sousa, her husband Helio de Jesus

Alves, their adult daughter Ludsara da Silva Sousa, and their minor daughter Ana

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Elisa Sousa de Jesus, natives and citizens of Brazil, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") denial of their application for asylum and withholding of removal. "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). We review an agency's factual findings, including its findings as to persecutors' actual motives, for substantial evidence. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. Substantial evidence supports the BIA's determination that Ferreira Sousa failed to establish that the police militia imputed a political opinion to her. She does not provide evidence of any statements by the militia that could be direct evidence of an imputed political opinion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031-32 (9th Cir. 2014) (noting that persecutors' statements attributing political views to an applicant are direct evidence of an imputed political opinion).

As for circumstantial evidence, we reject Ferreira Sousa's argument that her resistance to her persecutors establishes nexus to an imputed political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A] desire to be free from harassment by criminals motivated by theft or random violence by gang members

2                                    24-5733

bears no nexus to a protected ground.").  An applicant subject to extortion can still establish nexus to an imputed political opinion when their "refusal to accede to extortion in a political system founded on extortion result[s] in [their] classification and treatment as a subversive." *Agbuya v. INS*, 241 F.3d 1224, 1229 (9th Cir. 2001) (citation omitted).  However, the record does not compel the conclusion that the police militia existed in a political system founded on extortion or that it classified or treated Ferreira Sousa as a subversive.

An applicant can also establish that they were persecuted on account of a political opinion if there is "no other logical reason for the persecution at issue." *Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (citation omitted).  But Ferreira Sousa cannot establish nexus by this negative inference because the police militia's desire for financial gain is a logical reason for its extortion schemes.  *See Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004) (distinguishing between persecution that is "solely on account of an economic motive," which does not afford asylum protection, and economic persecution on account of a protected ground).

2.  Ferreira Sousa argues that the IJ erred in determining that she did not establish that the Brazilian government persecuted her or was unwilling or unable to control her persecutors, but we do not reach these issues because the BIA did not rely upon them.  *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)

3                                                                24-5733

("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").

3.  The stay of removal will remain in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**